### IKARD v. STATE.

(Court of Criminal Appeals of Texas. Feb. 8, 1911. On Motion for Rehearing, March 8, 1911.)

1. CRIMINAL LAW (§ 1076*) — APPEAL — PROCEEDINGS TO TRANSFER CAUSE—RECOGNIZANCE.

Where a recognizance on appeal in a criminal case does not recite that the appellant was convicted of a misdemeanor, nor state the amount of the punishment imposed by the verdict, as required by statute, it is insufficient to confer jurisdiction on the Court of Criminal Appeals, and the appeal will be dismissed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2708–2716; Dec. Dig. § 1076.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

On Motion·for Rehearing. ·'·'

**2: CRIMINAL LAW (§ 1131*)—APPEAL—DISMISSAL—REINSTATEMENT.**

Where an appeal in a criminal case is dismissed because of insufficient recognizance, the application of appellant for reinstatement, accompanied by a recognizance in manner and form as required by law, will be granted.

[Ed. Note.—For other cases, see Crimina Law, Cent. Dig. § 2985; Dec. Dig. § 1131.*]

**3. CRIMINAL LAW (§ 1102*)—APPEAL—RECORD—STATEMENT OF FACTS—EFFECT OF FAILURE TO FILE IN TIME..**

Where the statement of facts incorporated in a record on appeal is not filed within the time allowed· by Acts 30th Leg. (1st Called Sess.) c. 7, the statement will be stricken out on motion.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1102.*]

**4. CRIMINAL LAW (§ 1092*)—APPEAL—RECORD—BILL OF EXCEPTIONS.**

Where the bills of exceptions are not verified by the signature of the trial judge and do not bear any file marks, they cannot be considered by the Court of Criminal Appeals.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2834–2861; Dec. Dig. § 1092.*]

**5. CRIMINAL LAW (§ 1094*) — APPEAL — AFFIRMANCE.**

Where.there is neither a statement of facts nor bills of exceptions in the record on appeal, which can be considered, and the information charges a violation of the law, the judg-. ment will be affirmed.

[Ed. Note.—For other cases, see Criminal Law, Cent.. Dig. §§ 2807, 3204; Dec. Dig. § 1094.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

Frank.Ikard .was convicted of crime, and appeals. Affirmed.

H. H. Cooper, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. The Assistant Attorney General moves to dismiss this appeal on the ground that the recognizance is not sufficient to confer jurisdiction upon this court, in that the same does not recite that the appellant was convicted of a misdemeanor, nor does it state the amount of the punishment imposed by the verdict of the jury, as required by the statute. An inspection of the recognizance shows that it is defective in this respect.

Therefore the motion is sustained, and the appeal is accordingly dismissed.

On Motion for Rehearing.

At a former day of this term of court this case was dismissed because of insufficient recognizance. Appellant has filed his application, praying that this cause be reinstated, and. tenders a recognizance in manner and form as required by law, and the order heretofore dismissing this cause is set aside.

The Assistant Attorney General has filed a motion to strike out the statement of facts incorporated in the record. This being an

appeal from. the county court, and the statement of facts .not having been filed within the time allowed by law, the motion is sustained. See chapter 7 of the Acts of 30th Legislature, p. 446.

The bills of exception in the record are not verified by the signature of the trial judge, and do not bear any file marks. Consequently they cannot be considered.

There being neither a statement of facts nor bills of exception in the record, which we can consider, and the information charging· a .violation of the law, the judgment is affirmed.